IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MILLENNIUM PHARMACEUTICALS, INC. | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) C.A. No. _____ ) |
| SANDOZ INC., | ) ) ) |
| Defendant. | ) |

## COMPLAINT

Plaintiff Millennium Pharmaceuticals, Inc., by its attorneys, alleges as follows:

## NATURE OF THE ACTION

1. This is an action for patent infringement under the patent laws of the United States, Title 35, United States Code, that arises out of the filing by Defendant Sandoz Inc. of Abbreviated New Drug Application ("ANDA") No. 203654 with the U.S. Food and Drug Administration ("FDA") seeking approval to manufacture and sell a generic version of VELCADE® prior to the expiration of U.S. Patent Nos. 6,713,446 and 6,958,319.

## PARTIES

2. Plaintiff Millennium Pharmaceuticals, Inc. ("Millennium") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 40 Landsdowne Street, Cambridge, Massachusetts. Millennium is engaged in the business of developing, manufacturing, and selling pharmaceutical drug products, particularly for use in the therapeutic area of oncology.

3. Upon information and belief, Defendant Sandoz Inc. ("Sandoz") is a corporation organized and existing under the laws of the State of Colorado, with its principal place of business at 506 Carnegie Center, Suite 400, Princeton, New Jersey.

4. Sandoz manufactures and sells various generic drug products and regularly conducts business throughout the United States, including in the State of Delaware.

## JURISDICTION AND VENUE

5. This action arises under the patent laws of the United States of America and this Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

6. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 and 1400(b).

7. The court has personal jurisdiction over Sandoz because, among other things, Sandoz markets and sells generic drugs throughout the United States and within the State of Delaware and therefore purposefully avails itself of the privilege of conducting activities within the State of Delaware. On information and belief, Sandoz is registered with the Delaware Board of Pharmacy as a "Distributor/Manufacturer" and "Pharmacy-Wholesale" of drug products. Sandoz has previously availed itself of this forum for the purpose of litigating its patent infringement disputes. *See, e.g., Sandoz Inc. v Pfizer Inc.*, C.A. No. 09-2457 (D. Del.).

## BACKGROUND

8. United States Patent No. 6,713,446 ("the '446 patent"), entitled "Formulation of Boronic Acid Compounds" (Exhibit A hereto), was duly and legally issued on March 30, 2004. The '446 patent, which is owned by the United States of America as Represented by the Secretary of the Department of Health and Human Services, will expire on January 25, 2022.

9. United States Patent No. 6,958,319 ("the '319 patent"), entitled "Formulation of Boronic Acid Compounds" (Exhibit B hereto), was duly and legally issued on October 25, 2005. The '319 patent, which is owned by the United States of America as Represented by the Secretary of the Department of Health and Human Services, will expire on January 25, 2022.

10. Millennium has had an exclusive license to the '446 and '319 patents since December 2, 2002, by virtue of an exclusive worldwide license agreement for the research, development, and manufacture of MLN341 (bortezomib) for distribution, sale and use in oncology disease states. Pursuant to this license, Millennium has the right to bring suit in its own name, at its own expense, and on its own behalf for infringement of the '446 and '319 patents.

11. VELCADE® (bortezomib) is a proteasome inhibitor, for intravenous or subcutaneous administration, approved by the FDA for the treatment of patients with multiple myeloma and patients with mantle cell lymphoma who have received at least one prior therapy.

12. Millennium sells VELCADE® in the United States pursuant to New Drug Application No. 21-602 which was approved by the FDA in 2003 and pursuant to several subsequent supplemental new drug applications for additional indications and a new route of administration which have also been approved by the FDA.

13. VELCADE®, or its use, is covered by one or more claims of the '446 and '319 patents, which have been listed in connection with VELCADE® in the FDA's publication, *Approved Drug Products with Therapeutic Equivalence Evaluations*, referred to as the "Orange Book."

14. By letter dated June 19, 2012, and received June 21, 2012 (the "Notice Letter"), Sandoz notified Millennium that it had submitted to the FDA ANDA No. 203654 for Bortezomib for Injection, 3.5 mg/vial, a generic version of VELCADE® ("the Sandoz ANDA Product").

15. In the Notice Letter, Sandoz stated that its ANDA included certifications pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) with respect to the '446 and '319 patents and alleged that the '446 and '319 patents are invalid, unenforceable, and/or will not be infringed by the commercial manufacture, use, offer for sale, or sale of the Sandoz ANDA Product.

16. This action is being commenced before the expiration of forty-five days from the date of Plaintiff's receipt of the Notice Letter.

## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. 6,713,446

17. Plaintiff incorporates each of the preceding paragraphs 1 – 16 as if fully set forth herein.

18. Sandoz' submission of ANDA No. 203654 for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, and/or sale of the Sandoz ANDA Product before the expiration of the '446 patent is an act of infringement of the '446 patent.

19. The commercial manufacture, use, offer for sale, sale and/or importation of the Sandoz ANDA Product would infringe one or more claims of the '446 patent.

20. Sandoz had knowledge of the '446 patent when it submitted its ANDA to the FDA.

21. Upon information and belief, use of the Sandoz ANDA Product in accordance with and as directed by Sandoz' proposed labeling for that product would infringe one or more claims of the '446 patent.

22. Upon information and belief, Sandoz intends to engage in the manufacture, use, offer for sale, sale, and/or importation of the Sandoz ANDA Product with its proposed labeling immediately and imminently upon approval of ANDA No. 203654.

23. Upon information and belief, Sandoz will actively induce infringement of the '446 patent when its ANDA is approved, and plans and intends to, and will do so immediately and imminently upon approval.

24. Upon information and belief, Sandoz acted without a reasonable basis for believing that it would not be liable for infringing the '446 patent and/or actively inducing infringement of the '446 patent.

25. Unless Sandoz is enjoined from infringing the '446 patent and/or actively inducing infringement of the '446 patent, Millennium will suffer irreparable injury. Millennium has no adequate remedy at law.

## COUNT II
## INFRINGEMENT OF U.S. PATENT NO. 6,958,319

26. Plaintiff incorporates each of the preceding paragraphs 1 – 25 as if fully set forth herein.

27. Sandoz' submission of ANDA No. 203654 for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, and/or sale of the Sandoz ANDA Product before the expiration of the '319 patent is an act of infringement of the '319 patent.

28. The commercial manufacture, use, offer for sale, sale and/or importation of the Sandoz ANDA Product would infringe one or more claims of the '319 patent.

29. Sandoz had knowledge of the '319 patent when it submitted its ANDA to the FDA.

30. Upon information and belief, use of the Sandoz ANDA Product in accordance with and as directed by Sandoz' proposed labeling for that product would infringe one or more claims of the '319 patent.

31. Upon information and belief, Sandoz intends to engage in the manufacture, use, offer for sale, sale, and/or importation of the Sandoz ANDA Product with its proposed labeling immediately and imminently upon approval of ANDA No. 203654.

32. Upon information and belief, Sandoz will actively induce infringement of the '319 patent when its ANDA is approved, and plans and intends to, and will do so immediately and imminently upon approval.

33. Upon information and belief, Sandoz acted without a reasonable basis for believing that it would not be liable for infringing the '319 patent and/or actively inducing infringement of the '319 patent.

34. Unless Sandoz is enjoined from infringing the '319 patent and/or actively inducing infringement of the '319 patent, Millennium will suffer irreparable injury. Millennium has no adequate remedy at law.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that this Court grant the following relief:

(a) A judgment that Sandoz' submission of ANDA No. 203654 was an act of infringement of the '446 and '319 patents, and that Sandoz's manufacture, use, offer to sell, sale,

or importation of the Sandoz ANDA Product prior to the expiration of the '446 and '319 patents, will infringe and/or actively induce infringement of the '446 and '319 patents;

  (b) An Order pursuant to 35 U.S.C. § 271(e)(4)(A) providing that the effective date of any FDA approval of Sandoz' ANDA No. 203654, or any product or compound that infringes the '446 and '319 patents, shall not be earlier than the expiration of the '446 and '319 patents;

  (c) An Order permanently enjoining Sandoz, and its affiliates and subsidiaries, and each of their officers, agents, servants and employees, from making, have made, using, offering to sell, selling, marketing, distributing, or importing the Sandoz ANDA Product, or any product or compound that infringes the '446 and '319 patents, or inducing the infringement of the '446 and '319 patents until after the expiration of the '446 and '319 patents;

  (d) A declaration that this is an exceptional case and an award of attorneys' fees to Plaintiff pursuant to 35 U.S.C. §§ 285 and 271(e)(4), together with its reasonable costs; and

  (e) Such further and other relief as this Court deems proper and just.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

/s/ Jack B. Blumenfeld

Jack B. Blumenfeld (#1014)
Maryellen Noreika (#3208)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@mnat.com
mnoreika@mnat.com

*Attorneys for Plaintiff*
*Millennium Pharmaceuticals, Inc.*

OF COUNSEL:

William F. Lee
Lisa J. Pirozzolo
Emily R. Whelan
WILMER CUTLER PICKERING
 HALE AND DORR LLP
60 State Street
Boston, MA  02109
(617) 526-6000

Robert M. Galvin
WILMER CUTLER PICKERING
　HALE AND DORR LLP
950 Page Mill Road
Palo Alto, CA 94304
(650) 858-6000

August 2, 2012